UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| CHAD M. PHINNEY,<br><br>   Plaintiff,<br>v.<br><br>CAVALRY SPV I, LLC, and WEBER & OLCESE, P.L.C.,<br><br>   Defendants. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for damages, brought by a consumer against debt collectors for violating the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, Michigan Collection Practices Act ("MCPA"), M.C.L. § 445.251 *et seq.*, and Michigan Occupational Code ("MOC"), M.C.L. § 339.901 *et seq.*

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) (FDCPA) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Venue in this judicial district is proper because the pertinent events took place here.

## PARTIES

3. Plaintiff, Chad M. Phinney, is an adult, natural person residing in Clinton County, Michigan. Mr. Phinney is a "consumer" and "person" as the terms are defined and used in the FDCPA. Mr. Phinney is a "consumer," "debtor" and "person" as the terms are defined and used in the MCPA and MOC.

4. Defendant Weber & Olcese, P.L.C. ("Weber"), is a private professional limited liability company, doing business at 3250 W. Big Beaver Road, Suite 124, Troy, MI 48084. Weber's registered agent is Michael J. Olcese, 3250 W. Big Beaver Road, Suite 124, Troy, MI 48084. Weber uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Weber regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Weber is a "regulated person" as the term is defined and used in the MCPA. Alternatively, Weber is a "collection agency" and "licensee" as the terms are defined and used in the MOC.

5. Defendant Cavalry SPV I, LLC ("Cavalry"), is a Delaware corporation, with its principal place of business located at 500 Summit Lake Drive, Valhalla, NY 40595. The registered agent for Cavalry is The Corporation Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801. Cavalry uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Cavalry is a "debt collector" as the term is defined and used in the FDCPA. Cavalry is a "collection agency" as the term is defined and used in the MOC. Alternatively, Cavalry is a "regulated person" as the term is defined and used in the MCPA.

## FACTS

6. In or around February 2004, Plaintiff incurred a financial obligation with Bank of America, N.A., which he used to purchase goods or services for personal, family or household purposes. Any resulting obligation of Mr. Phinney to pay money was a "debt" as the term is defined and used in the FDCPA, MCPA and MOC.

7. Plaintiff defaulted on the account in May 2009.

8. Bank of America declared the account in default and then charged off and later sold the account.

9. Over time, Mr. Phinney received collection letters demanding varying amounts due on the account, attached hereto as Exhibit A.

10. Mr. Phinney disputes and refuses to pay the balance allegedly owed on his Bank of America account.

11. Cavalry allegedly purchased the charged off account and related alleged debt, likely paying less than five cents on the dollar.

12. Cavalry placed the account with Weber to collect the alleged debt from Mr. Phinney.

13. On or about October 3, 2013, Weber on behalf of Cavalry filed a debt collection lawsuit ("State Court Lawsuit") against Mr. Phinney in the 29th Circuit Court for the State of Michigan, Case No. 13-11216-CK. The complaint was dated September 26, 2013, and was signed by Weber attorney Geoffrey S. Werber. The complaint was filed in connection with efforts by Weber and Cavalry to collect the disputed debt from Mr. Phinney. A copy of the summons and complaint filed in the State Court Lawsuit is attached as Exhibit B.

14. Mr. Phinney was served with Summons and Complaint in the State Court Lawsuit (attached hereto as Exhibit C).

15. Mr. Phinney was required to retain an attorney to file a response to the State Court Lawsuit, causing Mr. Phinney to suffer actual damages in excess of $7,000.

16. Cavalry's complaint improperly sought $14,754.29 in interest, misrepresenting the amount of the debt.

17. Cavalry's complaint sought attorney fees to which it was not entitled, misrepresenting the amount of the debt.

18. Cavalry misrepresented in its complaint that it has sent billing statements to Mr. Phinney to which he never objected; in fact, Mr. Phinney never received a billing statement from Cavalry.

19. Included in the state court Complaint is a purported "Affidavit of Claim," sworn to by Bianca Perez, an employee of Cavalry Portfolio Services, LLC (a third party), indicating that she had authority to comment on the books and records of Defendant, which is impermissible hearsay.

20. The Affidavit was made on "information and belief," rather than personal knowledge, as required by Michigan Court Rule 2.119(B)(1).

21. The Affidavit claims the balance of $34,309.55 "is comprised of $19,555.26 of principal balance and $14,754.29 . . . of other charges. The principal balance continues to accrue interest at a rate of 0%." Cavalry sought impermissible charges through said Affidavit, misrepresenting the nature and amount of the debt.

22. Mr. Phinney, through retained counsel, successfully defended the lawsuit, raising the primary defense that the action was barred by the Delaware statute of limitations.

23. The 29th Circuit Court entered an Order dismissing the lawsuit upon granting Phinney's Motion for Summary Disposition, based on the statute of limitations defense, said Order attached hereto as Exhibit C.

24. Weber knew or should have known that the claim was based on a Cardmember agreement controlled by Delaware law.

25. Weber knew or should have known that Delaware law has a three-year statute of limitation on a credit card accounts.

26. Weber knew or should have known that the claim accrued more than three years prior to the action being filed and was stale.

27. Weber and Cavalry did not maintain procedures reasonably adapted to avoid violating the FDCPA.

28. If Weber and Cavalry did maintain procedures reasonably adapted to avoid violating the FDCPA, then Weber and Cavalry failed to follow those procedures.

29. The acts and omissions of Weber and its employees done in connection with efforts to collect the alleged debt from Mr. Phinney were done intentionally and willfully.

30. Weber and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

31. The acts and omissions of Cavalry and its employees done in connection with efforts to collect the alleged debt from Mr. Phinney were done intentionally and willfully.

32. Cavalry and its employees intentionally and willfully violated the FDCPA, MCPA and MOC.

33. The FDCPA states in part, "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors" and "to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." 15 U.S.C. § 1692(e).

34. Weber, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

35. Cavalry, to increase its business and profits, knowingly chose to use debt collection practices that violate the FDCPA and Michigan law, to the competitive disadvantage of those debt collectors who choose to abide by the law and refrain from using unlawful debt collection practices.

36. Cavalry, directly and indirectly, attempted to collect the alleged debt from Mr. Phinney.

37. Cavalry is a debt collector. Cavalry hired Weber, another debt collector, to collect the alleged debt from Mr. Phinney. A debt collector that hires another debt collector to collect a debt is liable for the acts and omissions of the debt collector it hires to collect a debt.

38. Cavalry is liable for the unlawful acts and omissions committed by Weber in connection with the efforts by Weber and Cavalry to collect the alleged debt from Mr. Phinney.

39. As an actual and proximate result of the acts and omissions of defendants and their employees, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, fear, physical stress, mental anguish, emotional stress, acute embarrassment and suffering for which he should be compensated in an amount to be established by a jury and at trial.

## CAUSES OF ACTION

### COUNT I. FAIR DEBT COLLECTION PRACTICES ACT

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Defendants violated the FDCPA. Defendants' violation of the FDCPA include, but are not necessarily limited to, the following:

    a. Defendants violated 15 U.S.C. § 1692c(a)(c);

    b. Defendants violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    c. Defendants violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt from plaintiff; and

  d. Defendants violated 15 U.S.C. § 1692g(b).

Wherefore, Plaintiff seeks judgment against Defendants for:

  a. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  d. Such further relief as the court deems just and proper.

### COUNT II. MICHIGAN COLLECTION PRACTICES ACT

42. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Defendants violated the MCPA. Defendants' violations of the MCPA include, but are not necessarily limited to, the following:

  a. Defendants violated M.C.L. § 445.252(a) by communicating with a debtor in a misleading or deceptive manner;

  b. Defendants violated M.C.L. § 445.252(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

  c. Defendants violated M.C.L. § 445.252(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and

  d. Defendants violated M.C.L. § 445.252(h);

  e. Defendants violated M.C.L. § 445.252(n) by using a harassing, oppressive, or abuse method to collect a debt; and

  f.  Defendants violated M.C.L. § 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

Wherefore, Plaintiff seeks judgment against Defendants for:

  e.  Actual damages pursuant to M.C.L. § 445.257(2);

  f.  Treble the actual damages pursuant to M.C.L. § 445.257(2);

  g.  Statutory damages pursuant to M.C.L. § 445.257(2);

  h.  Costs and reasonable attorney fees pursuant to M.C.L. § 445.257(2).

## COUNT III. MICHIGAN OCCUPATIONAL CODE

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Defendants violated the MOC. Defendants' violations of the MOC include, but are not necessarily limited to, the following:

  a.  Defendants violated M.C.L. § 339.915(a) by communicating with a debtor in a misleading or deceptive manner;

  b.  Defendants violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

  c.  Defendants violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the legal rights of a creditor or debtor; and

  d.  Defendants violated M.C.L. § 339.915(h);

  e.  Defendants violated M.C.L. § 339.915(n) by using a harassing, oppressive, or abuse method to collect a debt;

    f.    Defendants violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    g.    Defendants violated M.C.L. § 339.918(2).

Wherefore, Plaintiff seeks judgment against Defendants for:

    i.    Actual damages pursuant to M.C.L. § 339.916(2);

    j.    Treble the actual damages pursuant to M.C.L. § 339.916(2);

    k.    Statutory damages pursuant to M.C.L. § 339.916(2);

    l.    Costs and reasonable attorney fees pursuant to M.C.L. § 339.916(2).

### DEMAND FOR TRIAL BY JURY

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

Dated: 8/29/14

_K. Krol_
Kristen L. Krol (P55103)
Attorney for Plaintiff
4710 W. Saginaw Highway, Suite 7
Lansing, Michigan 48917-2654
517-321-6804 ♦ debtrlc@drlc.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MICHIGAN           )
                            ) ss
COUNTY OF EATON             )

Pursuant to 28 U.S.C. § 1746, Plaintiff Chad M. Phinney, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys, and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

_____
Chad M. Phinney

Subscribed and sworn to before me this
29th day of August, 2014.

_Kristen Krol_
Notary Public
My Commission Expires: 1/12/2017
_Clinton_ County, Michigan
Acting in Eaton County, Michigan